## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**RALPH CROMPTON,**

     **Plaintiff,**

**vs.**                                        **5:05-CV-010-SPM**

**JAMES CROSBY, JR.,**

     **Defendant.**

_____/

### ORDER DENYING CERTIFICATE OF APPEALABILITY

**THIS CAUSE** comes before the Court upon Plaintiff's motion for a

certificate of appealability (doc. 34) filed January 23, 2006.  The Court will not

issue a certificate of appealability because Plaintiff has failed to make a

substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

He argues that the magistrate was unable to make a full and fair decision based

on the incomplete record submitted, and further argues that the magistrate

incorrectly refused to apply equitable tolling to his case.

While the magistrate did note that the record was limited, he noted that

"the Rule 3.850 court attached to its order portions of the trial transcript sufficient

to enable this court to conclude that petitioner fails to meet the "actual innocence"

exception."  *See* doc. 24 at 18 n.14.  A Florida state trial court, when denying a

motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, must "attach those portions of the record that conclusively refute the claim to its order of denial."  Jacobs v. State, 880 So. 2d 548, 550 (Fla. 2004).  The state court's order was upheld by the First District Court of Appeal, thus affirming that the portions of the record attached to the state court's order were sufficient to conclusively refute Plaintiff's claims of actual innocence.

As to Plaintiff's claim that the magistrate incorrectly refused to apply the doctrine of equitable tolling to his case, equitable tolling is only appropriate when the inmate "'untimely files because of extenuating circumstances that are both beyond his control and unavoidable even with diligence.'"  Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)(quoting Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999)).  The magistrate's report and recommendation expended approximately 15 pages detailing the chronological history of Plaintiff's previous filings and expansively demonstrated that while Plaintiff may have chosen to wait until he received the FOIA[1] information before filing, his decision shows neither "extenuating circumstances beyond his control" nor that the tardy filing was "unavoidable even with diligence."  Id.

After careful consideration, it is the Court's conclusion that Plaintiff has not made a substantial showing of the denial of a constitutional right as required

---

[1] Freedom of Information Act.

by 28 U.S.C. § 2253(c)(2).  Accordingly, it is

      **ORDERED AND ADJUDGED** that the motion for a certificate of

appealability (doc. 34) is hereby *denied*.

      **DONE AND ORDERED** this <u>second</u> day of February, 2006.

                  <u>*s/ Stephan P. Mickle*</u>
                  Stephan P. Mickle
                  United States District Judge

/pao